# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**REGINALD GEORGE (#111518)**                                    **CIVIL ACTION**

**VERSUS**

**WARDEN N. BURL CAIN, ET AL.**                          **NO. 13-0206-SDD-RLB**

## NOTICE

   Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

   In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein.  Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

   ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

   Signed in Baton Rouge, Louisiana, on November 22, 2013.

                **RICHARD L. BOURGEOIS, JR.**
                **UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**REGINALD GEORGE (#111518)**                                    **CIVIL ACTION**

**VERSUS**

**WARDEN N. BURL CAIN, ET AL.**                            **NO. 13-0206-SDD-RLB**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the defendants' Motion to Dismiss (Rec. Doc. 17) and the plaintiff's Motion for Summary Judgment (Rec. Doc. 22).

The *pro se* plaintiff, an inmate incarcerated at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, brought this action pursuant to 42 U.S.C. § 1983 against Cadet Fredrick Payton, Sgt. Kenneth Johnson, Lt.Col. Antonio Whitaker and Warden N. Burl Cain, complaining that his constitutional rights were violated on July 29, 2012, when Cadet Payton caused the plaintiff's hand to become jammed in the door of the shower cell on the plaintiff's cell tier.[1]

In his Complaint and supporting documents, the plaintiff alleges that on July 29, 2012, he was standing at the door to the shower cell on his cell tier, with his hands on the bars of the door, when defendant Payton, "without any warning open the shower door jamming [the plaintiff's] left hand in between the shower door." The plaintiff asserts that the tier walker and co-inmates

---

1. An attempt by the United States Marshal's Office to serve defendant Fredrick Payton has proven unsuccessful because the Louisiana Department of Public Safety and Corrections has refused to accept service on behalf of this defendant, specifically because the defendant is "no longer employed" by the Department.  *See* rec.doc.no. 11.  Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, the failure of a plaintiff to serve a defendant within 120 days of commencement of an action is cause for dismissal of that defendant from the proceedings.  It is appropriate, therefore, that the plaintiff's claims asserted against defendant Fredrick Payton be dismissed, without prejudice.

on the cell tier called out, and defendant Payton then re-activated the shower door, freeing the plaintiff's hand.  According to the plaintiff, defendant Payton laughed about the incident after it occurred.  The plaintiff was thereafter attended by a medical technician who gave the plaintiff "several pain pills" and an "analgesic balm" to reduce swelling, pain and stifness [sic]" in the plaintiff's hand.  The plaintiff further asserts that defendant Kenneth Johnson was defendant Payton's "acting supervisor and training officer" at the time of the incident and, "in accordance to prison rules and policy," failed to ensure that there was sufficient clearance before the shower door was opened.  In addition, the plaintiff alleges (1) that defendant Lt.Col. Whitaker admitted after the fact, in response to a grievance filed by the plaintiff, that the incident had occurred, and (2) that defendant Warden Cain is the "overseerer [sic] of the prison."

Addressing first the defendants' Motion to Dismiss (Rec. Doc. 17), the defendants initially seek dismissal on jurisdictional grounds, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, of the plaintiff's claim asserted against them in their official capacities for monetary damages.[2]  In this regard, the defendants are correct that § 1983 does not provide a federal forum for a litigant who seeks recovery of monetary damages against either a state or its officials acting in their official capacities, specifically because these officials are not seen to be "persons" within the meaning of § 1983.  *Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989).  In addition, in *Hafer v. Melo*, 502 U.S. 21 (1991), the United States Supreme Court addressed the distinction between official capacity and individual capacity lawsuits and made clear that a suit against a state official in an official capacity for monetary damages is

---

2.  It is unclear from the plaintiff's Complaint whether he is suing the defendants in their official and/or their individual capacities.   The Court, however, interprets the pleadings of *pro se* petitioners liberally, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972).  Accordingly, the Court interprets the plaintiff's Complaint as naming the defendants in both capacities.

treated as a suit against the state and is therefore barred by the Eleventh Amendment.  *Id.* at 25.

Accordingly, the plaintiff's claim asserted against the defendants in their official capacities for

monetary damages is subject to dismissal.  In contrast, the plaintiff's claim for monetary

damages asserted against the defendants in their individual capacities remains viable because a

claim against a state official in an individual capacity, seeking to impose liability for actions

taken under color of state law, is not treated as a suit against the state.  *Id.* at 29.

Turning to the plaintiff's claims which are not subject to dismissal on the basis of

Eleventh Amendment immunity, the defendants next assert that the plaintiff has failed to state a

claim upon which relief may be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil

Procedure.  In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and more recently, in

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court clarified the standard of pleading that

a plaintiff must meet in order to survive a motion to dismiss under Rule 12(b)(6).  Specifically,

"[f]actual allegations must be enough to raise a right to relief above the speculative level".  *Bell*

*Atlantic Corp. v. Twombly*, *supra*, at 555.  "To survive a motion to dismiss, a complaint must

contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

face.'"  *Ashcroft v. Iqbal*, *supra*, 556 U.S. at 678, *quoting Bell Atlantic Corp. v. Twombly*, *supra*.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  It

follows that, "where the well-pleaded facts do not permit the court to infer more than the mere

possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader

is entitled to relief.'"  *Id.* at 679.  "Where a Complaint pleads facts that are 'merely consistent

with' a defendant's liability, it 'stops short of the line between possibility and plausibility of

entitlement to relief.'"  *Id.* at 678 (internal quotation marks omitted).

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the Complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Further, "[a] document filed pro se is 'to be liberally construed' ... and 'a pro se Complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (citation omitted). Notwithstanding, the court need not accept "a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or "naked assertions [of unlawful conduct] devoid of further factual enhancement." *Ashcroft v. Iqbal*, *supra*, 556 U.S. at 678 (internal quotation marks omitted).

The plaintiff's claim fails to rise to the level of a constitutional violation. First, the Court finds that the plaintiff has failed to allege sufficient personal involvement on the part of the moving defendants in the events alleged. In this regard, in order for a prison official to be found liable under § 1983, the official must have been personally and directly involved in conduct causing an alleged deprivation of an inmate's constitutional rights or there must be a causal connection between the actions of the official and the constitutional violation sought to be redressed. *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983). Any allegation that the defendants are responsible for the actions of subordinate officers or co-employees under a theory of vicarious responsibility or *respondeat superior* is alone insufficient to state a claim under § 1983. *See Ashcroft v. Iqbal*, *supra*, 556 U.S. at 676 (2009), *citing Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978). *See also Bell v. Livingston*, 356 Fed. Appx. 715, 716-17 (5th Cir. 2009) (recognizing that "[a] supervisor may not be held liable for a civil rights violation under any theory of *respondeat superior* or vicarious liability"). Further, in the absence of direct personal participation by a supervisory official in an alleged constitutional violation, an inmate plaintiff must allege that the deprivation of his constitutional rights occurred

as a result of a subordinate's implementation of the supervisor's affirmative wrongful policies or as a result of a breach by the supervisor of an affirmative duty specially imposed by state law. *Lozano v. Smith*, *supra*, 718 F.2d at 768.

Applying the foregoing standard, and upon a review of the plaintiff's Complaint, it is clear that the plaintiff has failed to allege that the moving defendants have undertaken any action which may be characterized as a violation of the plaintiff's constitutional rights. Specifically, the plaintiff makes no assertion that defendants Whitaker or Cain were present on the date of the referenced accident or were otherwise aware of any difficulty which Cadet Payton had experienced in operating the shower doors on the plaintiff's cell tier. All that the plaintiff alleges as to these defendants is that (1) defendant Antonio Whitaker prepared a report after the incident wherein he admitted that the incident had regrettably occurred, and (2) defendant Warden Cain is the "overseerer [sic] of the prison." And as for defendant Johnson, the plaintiff alleges only that this defendant was Cadet Payton's "acting supervisor and training officer" at the time of the incident and failed to ensure, before Cadet Payton activated the electronic door, that the door could safely be opened. These allegations amount to no more than claims of supervisory responsibility and/or negligent supervision which are not sufficient to support a finding of liability under § 1983. Accordingly, the plaintiff has failed to state a claim upon which relief may be granted as to these defendants, and they are entitled to dismissal from this proceeding.

Further, in the alternative, a review of the plaintiff's factual allegations makes clear that this claim is not one of constitutional dimension. Simple negligence by a prison official that causes injury to an inmate is not an Eighth Amendment violation. *Davidson v. Cannon*, 474 U.S. 344, 347 (1986); *Daniels v. Williams*, 474 U.S. 327, 328 (1986). Thus, a prison official must be shown to have had a sufficiently culpable state of mind, *i.e.*, a state of mind of "deliberate

indifference" to inmate health or safety, to support a claim against him. *Wilson v. Seiter*, 501 U.S. 294, 303 (1991). "Absent intentional conduct, an Eighth Amendment claim requires that a prison official have acted with deliberate indifference to the needs of the inmate, exposing the inmate to a substantial risk of serious harm." *Clerkley v. Roberts*, 278 Fed. Appx. 364, 365 (5th Cir. 2008) (rejecting an inmate's claim of injury resulting from malfunctioning equipment). *See also Duperon v. Strain*, 2012 WL 3202535, *6-7 (E.D. La. July 18, 2012) (rejecting an inmate's claim of injury resulting from the negligent operation of a prison door); *Baker v. Alford*, 2011 WL 2601516, *2 (N.D. Tex., May 20, 2011) (rejecting an inmate's claim of injury resulting from being required to utilize a stool to exit a vehicle). As stated in *Farmer v. Brennan*, 511 U.S. 825 (1994), the determinative question is whether the prison official subjectively knew that the inmate faced a substantial risk of serious harm, yet disregarded that risk by failing to take reasonable steps to abate it. *Id.* at 837.

Applying this test to the facts of the instant case, the Court concludes that the plaintiff's claim is based on an assertion of mere negligence and not deliberate indifference. All that the plaintiff alleges is that he was standing at the bars of the shower cell when the door was remotely activated by defendant Payton. The plaintiff does not allege that defendant Payton or any other defendant intended to cause the plaintiff harm, knew that serious injury was substantially certain to occur, or was otherwise aware of a substantial risk of harm to the plaintiff's health or safety which they ignored. To the contrary, the plaintiff's allegations sound in the nature of a claim of negligence alone. Accordingly, the plaintiff's allegations fail to state a claim of constitutional dimension against the defendants, and this action should be dismissed.[3]

---

3. To the extent that the plaintiff complains that prison regulations were not followed during the opening of the shower door, the law is clear that a mere violation of a state law or regulation is not actionable under § 1983. *See Jackson v. Cain*, 864 F.2d 1235, 1251-52 (5th Cir.

Nor does the plaintiff's Motion for Summary Judgment (Rec. Doc. 22) suggest a different result.  Pursuant to well-established legal principles, summary judgment is appropriate only when there is no genuine disputed issue as to any material fact, and the moving party has shown that he is entitled to judgment as a matter of law.  Rule 56, Federal Rules of Civil Procedure. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986).  A party moving for summary judgment must inform the Court of the basis for the motion and identify those portions of the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, that show that there is no genuine issue of material fact.  *Celotex Corporation v. Catrett*, *supra*, 477 U.S. at 323.  The plaintiff's motion in the instant case does not make this showing and does not suggest that the accident and injuries were anything more than the result of negligence on the part of the defendants.  Accordingly, the plaintiff's Motion for Summary Judgment should be denied.

Finally, to the extent that the plaintiff's allegations may be interpreted as seeking to invoke the supplemental jurisdiction of this court over potential state law claims, a district court may decline to exercise supplemental jurisdiction over a plaintiff's state law claims if the claims raise novel or complex issues of state law, if the claims substantially predominate over the claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons.  28 U.S.C. § 1367.  In the instant case, having considered the allegations of the plaintiff's Complaint and having recommended that the plaintiff's federal claims be dismissed, the Court further recommends that the exercise of supplemental jurisdiction be declined.

---

1989).  *See also Woodard v. Andrus*, 419 F.3d 348, 353 (5th Cir. 2005) ("[A] violation of a state statute alone is not cognizable under § 1983 because § 1983 is only a remedy for violations of federal statutory and constitutional rights").

<u>RECOMMENDATION</u>

It is recommended that the plaintiff's claims asserted against Cadet Fredrick Payton be dismissed, without prejudice, for failure of the plaintiff to serve the defendant within 120 days as mandated by Fed. R. Civ. P. 4(m).  It is further recommended that the Court decline the exercise of supplemental jurisdiction over the plaintiff's state law claims, that the plaintiff's Motion for Summary Judgment (Rec. Doc. 22) be denied, and that the defendants' Motion to Dismiss (Rec. Doc. 17) be granted, dismissing the plaintiff's claims asserted against the defendants, with prejudice, for failure to state a claim upon which relief may be granted.

Signed in Baton Rouge, Louisiana, on November 22, 2013.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**